UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

|  |  |
|---|---|
| IN RE: | : CASE NO.: 18-23221-rdd |
|  | : |
|  | : CHAPTER: 13 |
| Patricia Ann Knight *aka* Patricia A Knight | : |
| *aka* Patricia Hannon Knight, | : HON. JUDGE.: Robert D. Drain |
|  | : |
| Debtor. | : HEARING DATE: May 8, 2019 at |
|  | : 10:00 a.m. |
|  | : |
|  | : |
|  | : |

---------------------------------------------------------------------X

## <u>NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

**PLEASE TAKE NOTICE,** that upon the application of BSI Financial Services as servicer for U.S. Bank National Association, as Trustee of Bungalow Series F Trust, (the "Movant") the undersigned shall move this Court for an Order, pursuant to 11 U.S.C. 362(d)(1); (i) vacating the automatic stay to permit movant, its successors and/or assigns, to enforce its mortgage on the Debtor's premises located at 20 Maple Avenue, West Nyack, NY 10994, (ii) modifying and terminating the Co-Debtor stay in effect pursuant to 11 U.S.C. 1301(a); and (iii) for such other and further relief as is just and proper.

This motion shall be heard at the United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on May 8, 2019 at 10:00 a.m. or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE**, that answering affidavits, if any, must be served

so as to be received not later than seven (7) days before the return date of this motion.


Dated: Garden City, New York
         January 14, 2019

                                        By: /s/ Richard Postiglione
                                        Richard Postiglione, Esq.
                                        FRIEDMAN VARTOLO LLP
                                        Attorneys for Movant
                                        1325 Franklin Avenue, Suite 230
                                        Garden City, NY 11530
                                        T: (212) 471-5100
                                        F: (212) 471-5150

TO:

Patricia Ann Knight
*aka* Patricia A Knight
*aka* Patricia Hannon Knight
20 Maple Ave
West Nyack, NY 10994
***Pro-Se Debtor***

Kenneth Knight
20 Maple Ave
West Nyack, NY 10994
***Co-Debtor***

Krista M. Preuss
Chapter 13 Standing Trustee
399 Knollwood Road
White Plains, NY 10603
***Trustee***

**United States Trustee**
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

Richard Postiglione, Esq.
Friedman Vartolo LLP
1325 Franklin Avenue, Suite 230
Garden City, NY 11530
Attorney for Movant
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | |
|---|---|
| | : |
| IN RE: | : CASE NO.: 18-23221-rdd |
| | : |
| | : CHAPTER: 13 |
| | : |
| Patricia Ann Knight *aka* Patricia A Knight | : |
| *aka* Patricia Hannon Knight, | : HON. JUDGE.: Robert D. Drain |
| | : |
| Debtor. | : HEARING DATE: May 8, 2019 at |
| | : 10:00 a.m. |
| | : |
| | : |
| | : |

------------------------------------------------------------------X

## <u>MOTION FOR RELIEF FROM THE</u>
## <u>AUTOMATIC STAY REGARDING REAL PROPERTY</u>

Richard Postiglione, an attorney at law duly admitted to practice before the Courts of the

State of New York and the U.S. District Court for the Southern District of New York, hereby

affirms the following to be true under penalty of perjury:

BSI Financial Services as servicer for U.S. Bank National Association, as Trustee of

Bungalow Series F Trust ("Movant") hereby moves this Court, pursuant to 11 U.S.C. 362(d)(1),

(i) vacating the automatic stay to permit movant, its successors and/or assigns, to enforce its

mortgage on the Debtor's premises located at 20 Maple Avenue, West Nyack, NY 10994, (the

"Property"), "); (ii) modifying and terminating the Co-Debtor stay in effect pursuant to 11 U.S.C.

1301(a); and (iii) granting Movant and for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

**FACTUAL HISTORY**

1. Movant is a secured creditor of the Debtor pursuant to a Note executed by Patricia Hannon Knight (the "Debtor") and Kenneth Knight (the "Co-Borrower") on June 4, 2003, whereby the Debtor and Co-Borrower promised to repay $287,200.00 plus interest to Flagstar Bank, FSB (the "Note").  To secure the repayment of the Note, the Debtor and Co-Borrower executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee of record for Flagstar Bank, FSB, which was record on June 11, 20003 in the Rockland County Clerk's Office in Instrument ID Number 2003--00040136 (the "Mortgage") encumbering real property located at 20 Maple Avenue, West Nyack, NY 10994 (the "Property").  The Debtor entered into a Loan Modification Agreement effective November 1, 2014 which created a new principal balance in the amount of $458,684.68. The Mortgage was subsequently assigned to Movant by an assignment of mortgage dated June 15, 2017 and recorded on July 10, 2017 (the "Assignment of Mortgage").   A copy of the Note, Mortgage, Loan Modification Agreement, and Assignments of Mortgage are attached hereto as **Exhibit A**.

2. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on August 8, 2018.

**LEGAL ARGUMENT**

3. Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan Modification Agreement. As a result, the loan remains due for the September 1, 2018 payment and each subsequent payment thereafter.

4. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is attached hereto as **Exhibit B**.

5.    Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

6.    Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. In Re Michael Lancelot Taylor, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

7.    Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the automatic stay imposed under Section 362(a) and Section 1301 of the Bankruptcy Code be modified and terminated for cause in accordance with Section 362(d) of the Bankruptcy Code to permit Movant to pursue their rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding

8.    Furthermore, Movant will be irreparably harmed by the continuation of the co-debtor stay absent payments from the debtor/or co-debtor. Therefore, the co-debtor stay should be modified pursuant to U.S.C. Section 1301(c)(3) and Movant should be permitted to proceed against the co-debtor.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 USC 362(d)(1) allowing Movant, its agents, assigns or successors in interest, leave to foreclose the Mortgage secured by the subject Property; modifying and terminating the Co-Debtor stay in effect pursuant to 11 USC 1301(a); and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: Garden City, New York
      January 14, 2019

      By: /s/ Richard Postiglione
      Richard Postiglione, Esq.
      FRIEDMAN VARTOLO LLP
      Attorneys for Movant
      1325 Franklin Avenue, Suite 230
      Garden City, NY 11530
      T: (212) 471-5100
      F: (212) 471-5150

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

|  |  |  |
|---|---|---|
| IN RE: | : | CASE NO.: 18-23221-rdd |
|  | : |  |
|  | : | CHAPTER: 13 |
|  | : |  |
| Patricia Ann Knight *aka* Patricia A Knight | : | HON. JUDGE.: Robert D. Drain |
| *aka* Patricia Hannon Knight, | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

-------------------------------------------------------------------X

### ORDER PURSUANT TO 11 U.S.C. § 362(d)
### MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, dated January 14, 2019 (the "Motion"), of BSI Financial Services as servicer for U.S. Bank National Association, as Trustee of Bungalow Series F Trust ("Movant"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in  20 Maple Avenue, West Nyack, NY 10994 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and modifying and terminating the Co-Debtor stay in effect pursuant to 11 U.S.C. 1301(a); and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on May 8, 2019; and there being no opposition to the requested relief; and the Creditor having settled, without objection, this form of order on the Debtor; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code as to the Movant's interests in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property, including, without limitation, loss mitigation, foreclosure and eviction proceedings; and it is further

**ORDERED** that the co-debtor stay imposed in this case by section 1301(a) of the Bankruptcy Code is vacated under section 1301(c)(3) as to the Movant's interests in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property, including, without limitation, loss mitigation, foreclosure and eviction proceedings; and it is further

**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED** that the Creditor shall promptly report and turn over to the chapter 13 trustee any surplus proceeds of the Property.